# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD GONG, | ) |
| | ) |
| Plaintiff, | ) |
| | )      **Civil No. 06-0125 (RWR)** |
| v. | ) |
| | ) |
| MICHAEL CHERTOFF, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant, Michael Chertoff, Secretary, United States Department of Homeland Security

("DHS" or the "Agency"), by undersigned counsel, respectfully moves the Court, pursuant to

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing

plaintiff's action on the grounds that plaintiff has failed to set forth a plain statement of his

claims, and failed to state a claim upon which relief can be granted.  In the alternative, Defendant

moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order

granting Defendant summary judgment on the grounds that no genuine issue of material fact

exists and Defendant is entitled to judgment as a matter of law.[1]

In support of this Motion, Defendant respectfully submits the attached Memorandum of

Points and Authorities with Exhibits attached thereto, a Statement of Material Facts Not in

---

[1]While Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement before
interposing a responsive pleading," a review of the facts reveals that plaintiff's claims are
without merit and requesting a more definite statement would unnecessarily waste judicial
resources.

Genuine Dispute, and a proposed Order.[2]

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

---

[2]  Plaintiff will take notice that any factual assertions contained in the documents in support of Defendant's Motion may be accepted by the Court as true unless plaintiff controverts them with his own affidavit or other documentary evidence.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), and LCvR 7, 56.1.

As stated in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, may be entered against the adverse party.

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RICHARD GONG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 06-0125 (RWR)** |
| **v.** ) | |
| ) | |
| **MICHAEL CHERTOFF, SECRETARY,** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

**STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), Defendant hereby provides the following Statement of

Material Facts As to Which There Is No Genuine Dispute:

1) Plaintiff brought this case under Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e-16 et seq., alleging discrimination.[3]

2) On April 18, 2004, plaintiff was hired as a Physical Security Specialist with the

Department of Homeland Security, Federal Protective Services ("DHS/FPS").  See Notifications

of Personnel Action, April 18, 2004 ("Exhibit 2").

3) A condition of that employment was successful completion of the Mixed Basic

Officers Training Program at the Federal Law Enforcement Training Center ("FLETC").  See

U.S. General Service Administration Vacancy Announcement Number 0440181 ("Exhibit 3") p.

3.

---

[3]Plaintiff failed to state the bases for the alleged discrimination.  However, the Report of Investigation prepared in connection with the administrative investigation indicates that plaintiff is an Asian male of Chinese descent.  See Report of Investigation ("Exhibit 1") p. 1.

4)  Plaintiff alleged that he previously completed training at FLETC.  See Department of

Homeland Security Complaint of Discrimination p. 1 ("Exhibit 4").

5)  General Service Administration[4] policy provides that personnel under 40 U.S.C. §

318,[5] other that Federal Protective Police Officers,

> must be . . . graduates of the FLETC basic police school or a former Federal
> Protective Service Police Academy, with no break in employment of longer than 3
> years with the FPSD.  [The] employee must have no break in employment in the
> law enforcement field of longer than three years after graduating from training.

General Services Administration Memorandum for Regional Administrators, part A(2), dated

October 3, 1998.  ("Exhibit 5"); see also Office of Protective Services Policy Handbook, Chapter

2, Authority, Police Powers and Jurisdiction ("Exhibit 6") pp. 6-7.

6) Plaintiff's employment record reflects that he had a break in employment in the law

enforcement field of longer than three years after graduating from training.

---

[4]The Federal Protective Services was part of the General Services Administration, but is
now a part of the Department of Homeland Security.  See H.R. REP. NO. 107-807, at 92 (2002);
H.R. REP. NO. 107-609(I), at 77 (2002); Scott v. Dep't of Homeland Security, No. 05-3080, slip.
op. at 1 (Fed. Cir. Aug. 15, 2005).

[5]Current version at 40 U.S.C. § 1315 (2006).

2

Respectfully submitted,


 /s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD GONG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 06-0125 (RWR)** |
| **v.** ) | |
| ) | |
| **MICHAEL CHERTOFF, SECRETARY,** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, <u>MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff brought this case under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 <u>et</u> <u>seq.</u>, alleging discrimination. Plaintiff alleged that his "civil rights [were violated] in 2004 and 2001[,]" Complaint p. 1, when the Department of Homeland Security, Federal Protective Services "failed to promote because [of] training issues that [he] ha[d] already completed." <u>Id</u>. Plaintiff also claimed that DHS/FPS violated "their own training standards." <u>Id</u>.

Plaintiff failed to identify an occasion when he was denied a promotion to which he was otherwise entitled. In addition, DHS/FPS regulations provide that Physical Security Specialists must complete the required training. Therefore, the Agency did not violate its training standards by requiring that plaintiff adhere to the regulations.

Accordingly, plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 8(a) and 12(b)(6). In the alternative, summary judgment should be granted because there are no genuine issues of material fact in dispute, and Defendant is entitled to judgment as a matter of law.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2004, plaintiff became a Physical Security Specialist with the Department of Homeland Security, Federal Protective Services ("DHS/FPS").  See Exhibit 2.  The vacancy announcement for the position indicated that "[c]andidates selected must successfully complete the Mixed Basic Officers Training Program if not already completed upon entry."  Exhibit 3. Plaintiff was scheduled to begin the Mixed Basic Officers Training Program on July 28, 2004. See Affidavit of Richard Gong ("Exhibit 7") p. 1.  Plaintiff appeared for the training on July 28, 2004, but was removed because he "knowingly showed up with a neck injury that he knew would prohibit him from any training activity."  See Electronic Mail, dated September 9, 2004, from Gary L. Beard, Acting Director, Federal Protective Services National Training Academy. ("Exhibit 8.")  Because of his injury, plaintiff was told that he would have to complete the training in November 2004 or early in 2005.  See Report of EEO Counseling ("Exhibit 9") p. 5.

On September 28, 2004, plaintiff filed a complaint of discrimination with the DHS EEO Office.  See Exhibit 4.  While not stated in the complaint filed before this Court, in the EEO Complaint of Discrimination, plaintiff alleged that he "graduated from two Mixed Basic Police Training Programs from two different law enforcement agencies [in 1989 and 1997,]" id., and requiring him to complete training at the FLETC again was discriminatory.  Id.  He contended that FPS Acting Director Gary Beard and Supervisory Special Agent Charles Moore were responsible for the decision requiring him to complete the training.  See Exhibit 4 p. 2. According to plaintiff, when he attended the FLETC, in 2001, Director Beard subjected him to harassment and racial slurs because he was Asian and Chinese.  See Exhibit 4 p. 1.  SSA Moore

2

was an instructor at that training.[6]  See Affidavit of Gary Beard ("Exhibit 10") p. 1.  Plaintiff

believed that requiring him to complete the Mixed Basic Officers Training Program would

provide Director Beard and SSA Moore with an additional opportunity to discriminate against

him.[7]  See Exhibit 4 p. 2.  Plaintiff also contended that, "[a]ccording to the Federal Protective

Service policy, he d[id] not have to repeat the course and only ha[d] to attend 'a two-week in-

service refresher program to satisfy the FPS Program.'"  Id.

## II.  STANDARD OF REVIEW

A.  Standard of Review for Motion to Dismiss

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is

appropriate if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in

support of his claim which would entitle [plaintiff] to relief."  See Conley v. Gibson, 355 U.S.

41, 45-46, (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The

Court must treat the Complaint's factual allegations as true, Leatherman v. Tarrant County

Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff

"the benefit of all inferences that can be derived from the facts alleged."  Schuler v. United States,

617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by

the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must

the Court accept the plaintiff's legal conclusions."  Akintomide v. United States, 99-MS-0055

(PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees

---

[6]Plaintiff did not file an EEO complaint for this alleged activity.  During the EEO
investigation, plaintiff stated that the EEO Complaint filed on September 28, 2004 "was the only
EEO complaint he ha[d] ever filed."  See Exhibit 1 p. 5.

[7]In his affidavit, SSA Beard indicated that he was Asian.  See Exhibit 10 p. 1.

3

Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication

Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  Where matters outside the pleadings are presented

to the court in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion shall be

treated as a motion for summary judgment and disposed of under Fed. R. Civ. P. 56.  Fed R. Civ.

P. 12.

   B.  Standard of Review for Motion for Summary Judgment

   Summary judgment is appropriate when the pleadings and evidence demonstrate that no

genuine issue of material fact exists such that the moving party is entitled to judgment as a matter

of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538,

1540 (D.C. Cir. 1995).  A genuine issue is one that could change the outcome of the litigation.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986).  The evidence and the inferences

drawn therefrom must be considered in the light most favorable to the nonmoving party.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The party moving

for summary judgment need not prove the absence of an essential element of the nonmoving

party's case.  Celotex, 477 U.S. at 325.  Once the moving party has met its burden, the non-

movant may not rest on mere allegations, but must proffer specific facts showing that a genuine

issue exists for trial.  Matsushita, 475 U.S. at 586; Hayes v. Shalala, 902 F.Supp. 259, 263

(D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported

allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993)

(evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary

judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

C.  Standard for Asserting Claim for Relief

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the defendant fair notice of the claims asserted so that the defendant can make an adequate response, either by answer or dispositive motion.  Here, the complaint fails to meet even these minimum requirements.

Rule 8(a) of the Federal Rules, states that a claim:

[S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  "The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

D.  Standard for Resolving Claim of Discrimination under Title VII

The procedure for resolving a claim of discrimination under Title VII is well-established. Under the scheme first set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), the burdens of production shift from employee to employer.  The plaintiff must first, by a preponderance of the evidence, establish a *prima facie* case of discrimination.  See St. Mary's Honor Center v. Hicks, 509 U.S. 506 (1993).  Plaintiff's *prima facie* case, without additional

proof to the contrary, must give rise to an inference that the defendant's conduct was

discriminatory.  If the employee meets this burden, the employer may then introduce evidence of

a legitimate, nondiscriminatory reason for its action.  See McDonnell Douglas, 411 U.S. at 802.

If both parties meet their burden, plaintiff is then required to show that the employer's "proffered

reason was not the true reason for the employment decision," and that plaintiff's membership in a

protected class was the true reason for the employment action.  Hicks, 509 U.S. at 510; see also

Aka v. Washington Hosp. Center, 156 F.2d 1284, 1292-93 (D.C. Cir. 1988)(en banc); Mungin v.

Katten Muchin & Zavis, 116 F.3d 1549, 1554 (D.C. Cir. 1997).  Plaintiff must present

substantial and credible evidence of discrimination in order to survive a motion for summary

judgment.  See Hastie v. Henderson, 121 F.Supp. 2d 72, 77 (D.D.C. 2000) aff'd, No. 00-5423,

2001 WL 793715 (D.C. Cir. 2001) ("To defeat a motion for summary judgment, a Plaintiff

cannot create a factual issue of pretext with mere allegations or personal speculation, but rather

must point to 'genuine issues of material fact in the record.'").  Applying these standards

demonstrates that plaintiff's Complaint should be dismissed.

### III.  ARGUMENT

A.  Plaintiff Failed to Comply With Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff alleges that the "Department of Homeland Security/Federal Protective Service

employees . . .  violated [his] civil rights in 2004 and 2001."  Complaint p. 1.  Plaintiff's

complaint merely states that [1] "DHS/FPS failed to promote because [of] training issues that I

have already completed . . . and [2] violated FPS policies regarding their own training standards."

Id.  However, plaintiff does not state the bases for the alleged violations of his civil rights nor

does he indicate what, if anything, occurred in 2004 or 2001.  While plaintiff claims that

6

"DHS/FPS . . . failed to promote[,]" id., plaintiff identified no particular occasion on which he was denied a promotion to which he otherwise would have been entitled.[8] See Nichols v. Truscott, 424 F.Supp.2d 124, 138 (D.D.C. 2006). Finally, plaintiff alleges that "DHS/FPS . . . violated FPS policies[,]" id., but does not indicate in what way those policies were allegedly violated. Because plaintiff's complaint woefully fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, it should be dismissed.

      B. Departmental Regulations Require That Plaintiff Complete the Training.

Plaintiff appears to allege that he should not be required to complete the Mixed Basic Officers Training Program at the Federal Law Enforcement Training Center. See Exhibit 4 p. 1. However, General Services Administration regulations regarding the appointment of personnel to the Federal Protective Services, under 40 U.S.C. § 318, state that personnel other than Federal Protective Police Officers

> [m]ust be . . . graduate[s] of the Federal Law Enforcement Training Center basic police school or a former Federal Protective Police Service Police Academy, with no break in employment of longer than three years with the FPSD.
>
> [The] employee must have no break in employment in the law enforcement field of longer than three years after graduating from training.

See Exhibit 5 p. 3; Exhibit 6 pp. 6-7.

A review of plaintiff's work history revealed that prior to February 11, 2001, plaintiff was

---

[8]In a statement to an EEO counselor, on September 1, 2004, plaintiff indicated that he "will not go up in pay or grade until the training is completed." See Exhibit 9 p. 5. It appears that this is the basis for plaintiff's allegation that "the DHS/FPS failed to promote." See Complaint p. 1. However, the mere fact that plaintiff could be promoted at some point in the future is insufficient to support a claim of discrimination. See Hastie, 121 F.Supp.2d at 77 (plaintiff must point to genuine issue of material fact in the record rather than mere allegations or personal speculation.).

employed as a Detention Enforcement Officer with the Department of Justice, United States

Marshal Service ("USMS").[9]  See Notification of Personnel Action, February 11, 2001.

("Exhibit 11").  On February 11, 2001, plaintiff was changed to a lower grade to become a

Deputy United States Marshal.  See id.  He was sent to the FLETC to attend the Deputy Marshal

Training Course.  See Exhibit 4 p. 1.  However, plaintiff left that training after two weeks and, on

April 7, 2001, he returned to his former position of Detention Enforcement Officer.  See Exhibit

4 p. 1; Notification of Personnel Action, April 7, 2001 ("Exhibit 12").  On April 8, 2001,

plaintiff began working with the Department of State as a Passport Specialist in Charleston,

South Carolina.[10]  See Notification of Personnel Action, April 8, 2001 ("Exhibit 13").  On

September 22, 2002, he was transferred to Los Angeles, California, where he continued to work

as a Passport Specialist.  See Notification of Personnel Action, September 22, 2002 ("Exhibit

14").  On April 18, 2004, he began his position as a Physical Security Specialist with the

Department of Homeland Security, Federal Protective Service.  See Exhibit 2.

Therefore, the last police training plaintiff *completed* was prior to February 11, 2001, for

another law enforcement agency.  In addition, his last employment in the law enforcement field

ended on April 7, 2001 when he became a Passport Specialist.  Plaintiff did not begin his

employment as a Physical Security Specialist with FPS, until three years and ten days later, on

April 18, 2004. Therefore, departmental regulations required plaintiff to complete the Mixed

Basic Officers Training Program.

---

[9]Plaintiff apparently alleges that he completed Mixed Basic Police Training in connection with this position.

[10]This is not a law enforcement position.  See Exhibit 4 p. 2, Exhibit 9, p. 5, Exhibit 1 p. 4.

In the Report of EEO Counseling, plaintiff, nevertheless, claimed that "the regulations . . . require a refresher course if there is a break in law enforcement for over three years. . . .[T]he same regulations allow for a waiver under certain circumstances." See Exhibit 9 p. 5.

The regulations do appear to allow for a waiver of some aspects of the training process because certain police training can be substituted for the FLETC basic police training. Specifically, the regulations provide that:

> the Assistant Commissioner, Office of Federal Protective Service, must approve the training based on a comparative analysis between the current FLETC basic police school curriculum and the alternative police school training completed.

Exhibit 5 p. 3. However, this approval of alternate training still requires "no break in employment in the law enforcement field of longer than three years after graduating from training." Id. Because plaintiff had a break in employment in the law enforcement field of longer than three years, his alternate training in either 1989 or 1997, if completed, would not make him eligible for such a waiver.

Further, according to an affidavit prepared by Acting Director Gary Beard, plaintiff was required to attend the FPS Pre-Basic Training, the Mixed Basic Police Training Program and the FPS Post-Basic Training as "a requirement of the position for which he applied." Exhibit 10 p. 1. While plaintiff did have "previous law enforcement experience, it [did] not match the job specific skill set required of the position for which he was hired." Id. According to Director Beard, "[t]he FPS does have an advanced training program, which is provided to veteran officers, but it is designed merely to build upon the basic skills of its law enforcement force." Id. The refresher course to which the complainant referred does not exist. Id. Further, Director Beard had not granted a waiver for "anyone who ha[d] not attended basic training within the 3 year

9

requirement." <u>See</u> Exhibit 9 p. 7.

According to an affidavit prepared by Supervisory Special Agent Charles R. Moore, if it were possible to grant waivers from the training program, he had "no authority over waivers of training for the Federal Protective Service." Affidavit of Charles R. Moore ("Exhibit 15"). According to an affidavit prepared by FPS Deputy Director for Mission Support Kenneth Ehinger, he was "aware that several individuals ha[d] been required to take the FPS Mixed Basic Police Training Program since they ha[d] been away from a law enforcement position for more than three years." Affidavit of Kenneth Ehinger ("Exhibit 16") p. 1. Deputy Director Ehinger was "not aware of any individual who ha[d] been provided a waiver where the person ha[d] been out of law enforcement for more than three years." Exhibit 16 p. 1.

In the Report of EEO counseling, plaintiff indicated that the regulations allowed for exceptions to be made to attendance requirements "on a case-by-case basis when an employee has successfully completed a basic police program given by another agency." <u>See</u> Exhibit 9 p. 6. However, after a review of plaintiff's case, it was determined that an exception would not be made. In fact, according to the Report of EEO Counseling, Deputy Director Ehinger and Director Beard would not agree to waive plaintiff's training requirement. <u>Id</u>. at p. 9.

C. <u>Plaintiff Has Not Alleged Any Adverse Employment Action Cognizable Under Title VII.</u>

To establish a *prima facie* case of disparate-treatment race or national origin discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he suffered adverse employment action; and, (3) the unfavorable action gives rise to an inference of discrimination. <u>See</u> <u>Mastro v. Potomac Electric Poser Company</u>, 447 F.3d 843, 850

10

(D.C. Cir. 2006) citing George v. Leavitt, 407 F.3d 405, 412 (D.C. Cir. 2005)(additional citations omitted).

Plaintiff is a member of a protected group and satisfies the first prong of the test. However, plaintiff cannot establish the second prong of the test. Plaintiff appears to be arguing that the requirement that he take the Mixed Basic Officers Training Program was an adverse employment action. To establish an adverse employment action within the meaning of Title VII, however, an employee must demonstrate an objectively tangible harm. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. Russell v. Principi, 257 F.3d 815, 818 (D.C. Cir. 2001). The D.C. Circuit has determined that "[a]n 'adverse employment action' . . . is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'" Broderick v. Donaldson, 437 F.3d 1226, 1233 (D.C. Cir.2006). An adverse action occurs "when an employee 'experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm.'" Holcomb v. Powell, 433 F.3d 889, 902 (D.C. Cir. 2006)(quoting Farce v. Powell, 306 F.3d 1127, 1130-31 (D.C. Cir.2002). See Brown v. Brody, 199 F.3d 446, 458 (D.C. Cir. 1999)(an "adverse personnel action" requires, at a minimum, serious, objectively tangible employment consequences); Crady v. Liberty National and Trust Co. of Ind., 993 F.2d 132, 136 (7th Cir. 1993) ("a materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience") (cited with approval in Farce v. Tanoue, 131 F. Supp. 2d 36, 40 (D.D.C. 2001). While "'being aggrieved is necessary to state a claim for [discrimination or] retaliation, . . . it is not sufficient to demonstrate

11

that a particular employment action was adverse.'" <u>Broderick v. Donaldson</u>, 437 F.3d at 1233

(quoting <u>Holcomb v. Powell</u>, 433 F.3d at 902).  In addition, "[n]ot everything that makes an

employee unhappy is an actionable adverse action. . . ."  <u>Russell v. Principi</u>, 257 F.3d at 818.

"'[P]urely subjective injuries,' such as dissatisfaction with a reassignment, public humiliation, or

loss of reputation, are not adverse actions."  <u>Nichols v. Truscott</u>, 424 F.Supp.2d 124, 136 (D.D.C.

2006).

Therefore, while plaintiff apparently would prefer to not take the Mixed Basic Officers

Training Program, all individuals who desire to become Physical Security Specialists and have a

break in employment in the law enforcement field of longer than three years, are required to

undergo the training.  The training is a basic requirement for employment not an adverse

employment action.  Therefore, plaintiff's claim of racial and national origin discrimination

under Title VII must fail.

D.   <u>The Agency's Actions Were Taken for Legitimate, Non-Discriminatory Reasons.</u>

Assuming, *arguendo*, that Plaintiff could meet his *prima facie* burden with respect to

disparate treatment, plaintiff still could not prevail because the record clearly demonstrates that

DHS/FPS had legitimate, nondiscriminatory reasons for requiring that plaintiff complete the

Mixed Basic Officers Training Program.  <u>See</u> <u>McDonnell Douglas</u>, 411 U.S. at 802 (holding that

burden shifts to defendant to articulate legitimate, nondiscriminatory reasons for its challenged

actions, once plaintiff makes out a prima facie case of discrimination).  The second step of the

<u>McDonnell Douglas</u> framework requires the agency simply to articulate that it took its challenged

actions for a legitimate, nondiscriminatory reasons.  <u>Board of Trustees of Keene State College v.</u>

<u>Sweeney</u>, 439 U.S. 29 (1978); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993).  The

Agency's explanation of its legitimate reasons must be "clear and reasonably specific" so that the plaintiff is "afforded a full and fair opportunity to demonstrate pretext." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981). A "subjective reason can be legally sufficient, legitimate and nondiscriminatory if the [agency] articulates a clear and reasonably specific factual basis" for its subjective opinion. Bowdre v. Richardson, 131 F. Supp.2d 179, 188 (D.D.C. 2001).

> According to Acting Director Beard,
>
> [plaintiff's] previous law enforcement experience[ did] not match the job specific skill sets required of the position for which he was hired. In order for the agency to insure that it has provided its personnel with the requisite skills necessary to minimally perform within the requirements of their position, it mandates that new hires go through their academy training program. The FPS has mission specific skill sets, which are provided to students during the basic training for its law enforcement personnel. They are unique to the agency and are not provided in any other basic law enforcement programs at the FLETC.
>
> . . . [T]he agency cannot measure [plaintiff's] ability to perform the job requirements unless he attends and passes the mandated training for the position for which he was hired. The agency would be placing itself in a position of potential liability should they hire an employee, and provide them the authority to arrest and potentially take human life in the deployment of deadly force without ensuring that proper measures were taken to train the prospective employee.

Exhibit 10 p. 1. Therefore, it is clear that DHS/FPS had legitimate, nondiscriminatory reasons to require that plaintiff, and any other Physical Security Specialist joining the FPS, to complete the required training.

E. **Plaintiff Cannot Show that Defendant's Proffered Reasons are Pretextual.**

As discussed above, it is clear that DHS/FPS acted for legitimate, nondiscriminatory reasons when it required plaintiff to complete the training. Under the McDonnell-Douglas framework, this showing shifts the burden to Plaintiff to "demonstrate that the proffered reason

13

was not the true reason for the employment decision." <u>Burdine</u>, 450 U.S. at 256.  However, there

is no evidence in the record to which plaintiff can cite to allow him to meet this burden.

Therefore, plaintiff's Title VII claim must fail.

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, defendant respectfully requests that the

Court dismiss this action, or in the alternative, grant defendant's Motion for Summary Judgment.

Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

14

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this 31st day of July 2006, the foregoing, and the attached Order, were

mailed postage prepaid to:

Richard Gong
P.O. Box 25063
Arlington, Virginia 22202


_____
          /s/
          MARIAN L. BORUM
          Assistant United States Attorney

15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD GONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Civil No. 06-0125 (RWR)** |
| **v.** | ) |
| | ) |
| **MICHAEL CHERTOFF, SECRETARY,** | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **HOMELAND SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### ORDER

      This matter is before the Court on defendant's Motion to Dismiss, or in the Alternative, for

Summary Judgment.  Upon consideration of this Motion and the entire record of this case, it is this

_____ day of _____, 2006,

      **ORDERED** that Defendant's Motion to Dismiss should be and hereby is GRANTED.


                                    _____

                                      UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **RICHARD GONG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 06-0125 (RWR)** |
| **v.** ) | |
| ) | |
| **MICHAEL CHERTOFF, SECRETARY,** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

_____)

## <u>ORDER</u>

This matter is before the Court on defendant's Motion to Dismiss, or in the Alternative, for

Summary Judgment.  Upon consideration of this Motion and the entire record of this case, it is this

_____ day of _____, 2006,

**ORDERED** that Defendant's Motion for Summary Judgment should be and hereby is

GRANTED.


                                    _____
                                    UNITED STATES DISTRICT JUDGE

Copies to:

      Marian L. Borum
      Assistant United States Attorney
      Judiciary Center Building
      555 Fourth Street, N.W., Room E4810
      Washington, DC  20530

      Richard Gong
      P.O. Box 25063
      Arlington, Virginia 22202