# Richard Gong v. Michael Chertoff
## Civil No. 06-0125 (RWR)

## Exhibit 1

Case 1:06-cv-00125-RWR   Document 4-2   Filed 07/31/2006   Page 1 of 9



**FEDERAL FACILITATORS GROUP LLC**
5881 Leesburg Pike, Suite 205, Falls Church, VA 22041
Tel. (703) 931-1400/9546 Fax (703) 931-9572
e-mail: fedfacgp@aol.com

# REPORT OF INVESTIGATION

MAR 16 2005

| | |
|---|---|
| **AGENCY CASE NO.** | ICE-05-H003 |
| **FFG NO.** | FF-05-ICE-1004 |
| **COMPLAINANT** | Richard Gong |
| **ALLEGED DISCRIMINATING OFFICE** | Department of Homeland Security Federal Protective Service National Training Academy Atlanta, GA 30303 |
| **REPRESENTATIVE** | None Identified |
| **DATE OF ALLEGED/ DISCRIMINATION/ACTION** | July 28, 2004 |
| **DATE COMPLAINT FILED** | September 28, 2004 |
| **DATE INVESTIGATION REQUESTED** | January 7, 2005 |
| **INVESTIGATOR APPOINTED** | January 7, 2005 |
| **DATES OF INVESTIGATION** | January 10 through February 24, 2005 |
| **BASES** | Race (Asian), National Origin (Chinese) Reprisal (prior EEO activity). |

**ISSUE**

On or about July 28, 2004, the complainant became aware that, rather than have him take a refresher course because of a gap in his law enforcement experience, the agency was requiring him to attend a Mixed Basic Training Course. The complainant was also

notified that if he failed to complete this training in January 2005, as scheduled, his employment would be terminated.

**REQUESTED RELIEF**   Mr. Beard and Mr. Moore be removed from Training and demoted. FPS enforce their Basic Police Training policy and allow him to complete the in-service training requirement as stated in their policy manual.

**INVESTIGATOR**   Rudolph Duncan

### I. BACKGROUND

Richard Gong, hereinafter referred to as the complainant, is employed as a Physical Security Specialist, GS-0080-09, in the Department of Homeland Security, Federal Protective Service, 109 St. Joseph Street, Mobile, Alabama, 36602 (Exhibit 12, pp. 1-3). The complainant was transferred to this position from the position of Passport Specialist, GS-967-09, with the Los Angeles Passport Agency, Bureau of Consular Affairs, effective April 18, 2004 (Exhibit 11, pp. 1-2). The complainant, after being employed for approximately four months, was informed he needed to successfully complete the Mixed Basic Police Training Course in order to maintain his employment with the agency. The complainant argued that in 1989 and 1997 he had "completed and graduated from the Mixed Basic Police Training Program from two different Federal law enforcement agencies." Thus, but for acts of discrimination against him by Gary Beard, Acting Director (AD), Federal Protective Service (FPS) National Training Academy, and Charles Moore, Supervisory Special Agent (SSA), also of the FPS National Training Academy, he would not have to retake the training.

### II. EVIDENCE AND ANALYSIS

A. The complainant's supporting arguments will be followed by management's response, and the investigator's summary where appropriate.

B. The complainant offered the following argument in support of his allegation (Exhibit 4, pp. 1-3). In March 2001, while employed by the U.S. Marshal Service, he was sent to the Federal Law Enforcement Center to attend the Deputy Marshal Basic Training Course. SSA Moore was an instructor at the Training Center. The complainant noted that he was the only Asian/Chinese person in his class. SSA Moore took this opportunity to "racially and prejudicially" exhibit discriminatory behavior towards him. In the physical techniques classroom and the instructor's office, SSA Moore "openly and continuously" made racial slurs against him. Other students overheard these comments. (Note: The complainant did not provide the names of those students or what the racial slurs were). After two weeks of training, SSA Moore "badgered" him and forced him to do so much physical exercise that he (complainant) collapsed in the classroom. He was

3

taken to the Glynn County Hospital. After returning to class from his hospital stay, he decided to leave the training academy and return to his district office. The complainant noted that he was so shaken by the event that he found another Federal position and left the U.S. Marshal Service.

    C. The complainant continued as follows. He later decided to return to law enforcement work two and one half years later. He applied and was selected for the position of Physical Security Specialist with the Federal Protective Service. After his appointment he attended the Physical Security Academy at the Federal Law Enforcement Center. The complainant noted that this course is only taken if one has completed the Mixed Basic Police Training. Halfway through the Academy he was scheduled to attend the Mixed Basic Police Training by the Federal Law Enforcement Director, Gary Beard, and SSA Charles Moore. The complainant felt their decision was an act of discrimination against him because he is Asian, and because he filed this discrimination complaint. The complainant further noted that in 1989 and 1997 he attended and graduated from two Mixed Basic Police Training Programs for two different law enforcement agencies. According to the Federal Protective Service policy, he does not have to repeat the course and only has to attend "a two-week in-service refresher program to satisfy the FPS Program."

    1. Gary Beard (Filipino American, prior EEO activity), GS-1811-14, Acting Director, Federal Protective Service National Training Academy, provided the following information as to why the complainant had to attend the Mixed Basic Police Training (Exhibit 5, pp. 1-2). AD Beard noted that while the complainant has previous law enforcement experience, his experience does not match the "job specific skill sets required of the position for which he was hired." The agency mandates that new hires go through their academy training program to insure that they are provided the requisite skills necessary to perform the duties within the requirements of their respective positions. AD Beard also noted that the specific skill sets are unique to FPS and are not provided in any other basic enforcement programs at the Federal Law Enforcement Training Center (FLETC). Thus, it became a requirement for the complainant to attend the FPS Pre-Basic, the Mixed Basic Police Training Program (MBPTP) course and the FPS Post-Basic courses. It was, in fact, a requirement for the position for which he applied and was selected to fill.

    2. AD Beard continued as follows (Exhibit 5, pp. 1-2). The complainant's race and national origin had no influence on his decision. He felt that the complainant's allegation is an attempt to keep from attending the required training courses, given the fact that he (Beard) is also of Asian descent. His (Beard's) decision was based on the fact that the agency cannot measure the complainant's ability to perform the job requirements unless he attends and successfully completes the mandated training for the position for which he was selected. Without insuring that prospective employees are properly trained the agency would be placing itself in a position of potential liability should they hire an employee and provide them the authority to arrest and potentially take human life in the deployment of deadly force. AD Beard noted that the FPS "does not have an established

3

waiver process." He also noted that the refresher course, which the complainant has referenced, does not exist.

   3. Regarding the complainant's allegation of discrimination based on reprisal, AD Beard offered the following information. The only knowledge he had of any EEO activity on the complainant's part was when he received a prior contact from an investigator regarding the complainant not wanting to attend the MBPTP. At this juncture, he believed it was an informal request for information regarding the complainant's relationship with Charles Moore when he (complainant) was a trainee at the United States Marshal Service (USMS) Academy, and SSA Moore was an Instructor for the USMS Academy. AD Beard noted that the knowledge he had of SSA Moore's activities would not have influenced any of his actions involving the complainant.

   4. Charles R. Moore (Caucasian American, no prior EEO activity), Supervisory Special Agent, GS-1811-13, provided the following information (Exhibit 6, p. 1). He has no authority over waivers of training for the FPS, and had no such involvement in the complainant's case. His only involvement with the complainant, "if indeed this is the same Mr. Gong," was in the early part of calendar year 2001, while he (Moore) was a Supervisory Instructor/Inspector at the USMS Training Academy at the FLETC. SSA Moore noted that his contact and exposure with the complainant was minimal at best, and for these reasons he is "totally appalled and offended" by the complainant's "baseless statements." He finds the complainant's "statements to be slanderous and libelous in nature and without merit, and demeaning" to him as a twenty-three year law professional.

   D. The evidence gathered reflects the following facts. The complainant took a Change to Lower Grade from the position of Detention Enforcement Officer, GS-1802-07 (the organization was not identified on the SF-50), to the position of Deputy U.S. Marshal, GS-0082-05, with the Nevada General Operations Division of the U.S. Marshal Service, effective February 11, 2001 (Exhibit 11, p. 6). His appointment to the USMS was terminated effective April 7, 2001 (Exhibit 11, p. 5). Effective April 8, 2001, he transferred to the position of Passport Specialist, GS-0967-09, with the Charleston Passport Center, Bureau of Consular Affairs (Exhibit 11, p. 4). He was reassigned to the Los Angeles Passport Agency, Bureau of Consular Affairs, effective September 22, 2002 (Exhibit 11, p. 3). The above evidence shows the complainant was in the position of Passport Specialist, GS-0967-09, for three years and ten days; thus, not performing law enforcement work for slightly over a three-year period.

   E. The U.S. General Services Administration memorandum for Regional Administrators, dated October 3, 1998, states the following in paragraph A, 1a: "The following requirements must be satisfied and certified by the Director, Federal Protective Service Division (FPSD) prior to the appointment of Federal Protective Police Officers under 40 USC. 318: (1) Must be a graduate of the Federal Law Enforcement Training Center (FLETC) basic police school or a former Federal Protective Service Police Academy, with no break in employment of longer than three years with the FPSD" (Exhibit 7, p. 2). FLETC records show the complainant completed the Mixed Basic Police Training Program in 1989 and 1997 (Exhibit 13, pp. 1-2). Because of these

4

completions, the complainant felt the over three-year requirement should be waived, and he should be allowed to take a refresher course. AD Beard stated that such a refresher course does not exist (Exhibit 5, p. 1). He also noted that he has not granted any waivers (Exhibit 9, p. 1) that were outside the scope of the provisions of the Memorandum for Regional Administrators, dated October 3, 1998 (Exhibit 7, pp. 1-4). The criteria in that Memorandum is mentioned above. Of further note is the fact that the Announcement Number 0440181 for the position of Physical Security Specialist, GS-0080-09/11/12, states the following under Conditions of Employment (Exhibit 8, p. 3). "Candidates selected must successfully complete the Mixed Basic Officers Training Program if not already completed upon entry."

    F. To establish a prima facie case of race and national origin discrimination, a complainant must carry the initial burden of offering evidence adequate to create an inference that an employment decision is based on a discriminatory criterion illegal under the Civil Rights Act. The allocation of burdens and order of presentation of proof in a discrimination complaint is a three-step procedure: The complainant has the initial burden of making a prima facie showing of discrimination; the burden then shifts to management to articulate some legitimate, nondiscriminatory reason for its challenged action; and the complainant must then show, by a preponderance of the evidence, that the legitimate reasons offered by management were not its true reasons, but were a pretext for discrimination. Although the agency indicated they were aware of several individuals who had to return to FLETC for training after being away from police work, they were unable to identify those individuals by race and national origin.

    G. The complainant also alleged discrimination based on reprisal. In cases involving reprisal, the criteria for establishing a prima facie case may require the following showings. (1) The complainant engaged in a protected activity. (2) Management was aware of the complainant's participation in the protected activity. (3) Management effected some action, which adversely impacted upon the complainant following the protected activity; and (4) the management action followed the protected activity within such a period of time that a retaliatory motive could be inferred. The alleged use of racial slurs directed at the complainant by SSA Moore, while the complainant was in training as a Deputy U.S. Marshal occurred in March 2001, approximately three years prior to the complainant's selection for employment with the FPS. AD Beard said, the only knowledge he had of the complainant's involvement in any EEO activity was when he "received a prior contact from an investigator relating to Mr. Gong not wanting to attend the MBPTP" (Exhibit 5, p. 1). SSA Moore has said that his "exposure and contact with Mr. Gong was minimal at best" (Exhibit 5, p. 1). The complainant said, in a phone conversation with this investigator, this was the only EEO complaint he has ever filed.

    H. Ken Ehinger, Deputy Director for Mission Support, FPS, offered the following information regarding any waivers for employees who had left the agency for more than three years. This information, he states, should have been kept at the regional level since the FPS was broken up into eleven different regions throughout the country when it was a part of GSA. "All hiring was done at the regional level as were many other mission support functions with little or no role up at Hq for those issues. I am aware that there are

several individuals who have been required to return to FLETC as result of the three years rule - I am aware of employees from region 9 and the National Capital Region." (Exhibit 15, p. 1)

# INDEX

| EXHIBITS | | PAGES |
|---|---|---|
| 1 | Complaint of Discrimination, September 24, 2004 | 1-2 |
| 2 | Authorization to Conduct Investigation, January 10, 2005 | 1 |
|   | Letters of Acceptance (2), October 19, 2004 | 2-5 |
|   | Notice of Receipt of Complaint, October 12, 2004 | 6-9 |
|   | Certification of Receipt of Rights & Responsibilities, September 23, 2004 | 10-11 |
|   | Notice of Right to File, September 27, 2004 | 12-13 |
|   | Certified Mail Receipts, September 28, 2004 | 14 |
| 3 | EEO Counselor's Report, September 23, 2004 | 1-12 |
| 4 | Affidavit, Richard Gong, Physical Security Specialist, GS-0080-09, January 21, 2005 | 1-3 |
| 5 | Affidavit of Gary L. Beard, Acting Director, FPS, GS-1811-14, January 31, 2005 | 1-2 |
| 6 | Affidavit of Charles R. Moore, Supervisory Specialist, GS-1811-13, January 28, 2005 | 1 |
| 7 | Instructional Letter PBS-IL 96-2, Appointment of Law Enforcement Authority-40 U.S.C. 318 and 318d | 1-4 |
| 8 | Vacancy Announcement 0440181, Physical Security Specialist (LESO), December 3-16, 2003 | 1-6 |
| 9 | Memorandum to J.R. Miller from Gary Beard, Re: Richard Gong, September 9, 2004 | 1 |
| 10 | PPSP 5930.17C, Chapter 2, Authority Police Powers And Jurisdiction | 1-11 |
| 11 | Standard Form (SF) 50, Notification of Personnel Action, Transfer, Richard Gong, April 18, 2004 | 1-2 |
|   | SF 50, Reassignment, Richard Gong, September 22, 2002 | 3 |
|   | SF 50, Transfer, Richard Gong, April 8, 2001 | 4 |
|   | SF 50, Termination Appointment, R. Gong, April 7, 2001 | 5 |
|   | SF 50, Change to Lower Grade, R. Gong, February 11, 2001 | 6 |

| | | |
|---|---|---|
| 12 | Position Description FM1070, Physical Security Specialist (LESO), GS-0080-09 | 1-5 |
| 13 | Federal Law Enforcement Training Center Police Training Student Evaluation, Eight Week Program, Official Transcript September 7 through November 2, 1989 | 1-2 |
| 14 | Investigator's Request for Information to Debra Lewis Re: Richard Gong, January 13, 2005 | 1-2 |
| 15 | Email message from Ken Ehinger regarding waivers February 24, 2005 | 1-2 |

**EXHIBIT PAGES TOTAL**      73