# Richard Gong v. Michael Chertoff
# Civil No. 06-0125 (RWR)

# Exhibit 6

**PBS P 5930.17C**

**February 2000**

# OFFICE OF FEDERAL PROTECTIVE SERVICE POLICY HANDBOOK



U.S. General Services Administration
Washington, DC 20405

PBS P 5930.17C

## CHAPTER 2. AUTHORITY, POLICE POWERS AND JURISDICTION

1. <u>Purpose</u>. This Chapter describes the authority, police powers and jurisdiction of FPS law enforcement and security personnel.

2. <u>Definitions</u>.

   a. <u>Jurisdiction</u>. Jurisdiction is defined as the physical or geographical area within which police power may be exercised, and outside of which police power may not be exercised by law enforcement and security personnel. Geographical boundaries are unique to each building or GSA property and must be defined in conjunction with GSA regional counsel offices.

   b. <u>Exclusive legislative jurisdiction</u>. Exclusive legislative jurisdiction is the term applied to areas over which the Federal Government has acquired all of the authority of the State, and in which the State concerned has not reserved to itself the right to exercise any of the authority concurrently with the Federal Government. However, the jurisdiction and policing powers of FPS personnel with 40 U.S.C. 318 authority on exclusive legislative jurisdiction property does not extend to the service of civil process. [<u>Note</u>: State and local Officers may still retain the authority to serve civil and criminal process in the exclusive Federal jurisdiction].

   c. <u>Concurrent legislative jurisdiction</u>. Concurrent legislative jurisdiction is a term applied to those areas wherein granting to the Federal Government authority which would otherwise amount to exclusive jurisdiction over an area, the State concerned has reserved to itself the right to exercise, concurrently with the Federal Government, all of the same authority.

   d. <u>Proprietorial interest only</u>. Proprietorial interest only is the term applied to those areas wherein the Federal Government has acquired some right or title to an area in a State, District or possession (i.e. through lease or purchase), but has not obtained any measure of the State's legislative jurisdiction over the area.

   e. <u>Partial</u>. Areas, wherein the Federal Government has been granted for exercise by it over an area in a State, certain of the State's authority, but where the State concerned has reserved to itself the right to exercise, by itself or concurrently with the United States, other authority constituting more than the right to serve civil or criminal process in the area (i.e. the right to tax private property).

   f. <u>The Administrator</u>. The Administrator of the General Services Administration.

PBS P 5930.17C

g. <u>Law enforcement personnel</u>. For the purpose of this handbook, this term is used to refer to <u>all</u> FPS personnel possessing 40 U.S.C. 318 or 318d authority (to include Law Enforcement and Security Officers and Physical Security Specialists with 318d).

h. <u>Criminal Investigator (CI)</u>. These positions have primary jurisdiction within FPS for all investigatory matters. They are the lead entity in criminal intelligence gathering, anti-terrorist activities, and investigations within FPS. Among other duties, they conduct all major criminal investigations and coordinate the efforts of FPS employees in all others. Criminal Investigators are involved in planning and conducting investigations relating to alleged or suspected violations of criminal laws.

These individuals primarily require knowledge of investigative techniques. Knowledge of the laws of evidence; the rules of criminal procedure; court decisions concerning admissibility of evidence, constitutional rights, search and seizure and related issues are also required. They possess the ability to recognize, develop and present evidence that reconstructs events, sequences and time elements, as well as the ability to establish relationships, responsibilities, legal liabilities, and conflicts of interest, in a manner that meets requirements for presentation in various legal hearings and court proceedings. Criminal Investigators are skilled in applying the techniques required in performing such duties as maintaining surveillance, performing undercover work, and advising and assisting the U.S. Attorney in and out of court.

i. <u>Officer</u>. For the purposes of this handbook, the term Officer is used to refer to both FPS Police Officer and Law Enforcement and Security Officer, each defined below.

j. <u>FPS Police Officer</u>. The primary duties of this series are the performance or supervision of law enforcement work in preserving the peace; the prevention, detection, and investigation of crimes; the arrest or apprehension of violators; and assistance to citizens in emergency situations, including the protection of civil rights. The purpose of police work is to assure compliance with Federal, State, county and municipal laws and ordinances, and agency rules and regulations pertaining to law enforcement work. In coordination with the Law Enforcement and Security Officer and Physical Security Specialist, the Officer assists in monitoring contract guard services through on-site reviews of building specific post orders and contract guard compliance with those orders.

k. <u>Law Enforcement and Security Officer (LESO)</u>. LESO's are law enforcement and security professionals trained in both disciplines. LESO's prevent, detect, and investigate crimes; arrest or apprehend violators; assist citizens in emergency situations, including protection of civil rights; perform physical security and risk assessments; identify appropriate security countermeasures for identified risks; provide security advisory services to customer agencies, delivering crime prevention services to tenants, and

PBS P 5930.17C

evaluating the effectiveness of protection services. In coordination with the Physical Security Specialist and FPS Police Officer, the LESO monitors contract guard services through on-site reviews of building specific post orders and contract guard compliance with those orders. While LESO's perform both law enforcement and physical security duties in the FPS Police Officer uniform, they may perform physical security and related duties in the physical security uniform while armed.

   l. <u>Physical Security Specialist (PSS)</u>. Physical Security Specialists are trained and accredited by the FPS as professionals to accomplish a wide range of security program activities, including performing physical security and risk assessments. They are also responsible for identifying appropriate security countermeasures for identified risks, providing security advisory services to customer agencies, delivering crime prevention services to tenants, and evaluating the effectiveness of protection services. In relation to the Building Security Committee, the PSS must provide the leadership of the review process and ultimately have responsibility for the assessment process. In coordination with the LESO and FPS Police Officer, the PSS assists in monitoring contract guard services through on-site reviews of building specific post orders and contract guard compliance with those orders.

   m. <u>Customer Oriented Protection (COP)</u>. This concept focuses on initiating and maintaining "constant-contact" with our FPS customers before they have a public safety related problem. Ensuring that our FPS customers, internally and externally, know who comprises the FPS, what to do in our absence, and who to call when needed. We believe that this is a proactive approach to providing interactive quality service to our customers. Additionally it provides means for improving supervision and coaching to FPS personnel.

3. <u>Legislative authority</u>. The law enforcement authority of FPS personnel is derived from 40 U.S.C. 318 and 318d. FPS employees possessing 318 and 318d authority may enforce all Federal laws and GSA rules and regulations, including those pursuant to 41 CFR, except the power to serve civil processes in areas under GSA charge and control.

4. <u>Jurisdiction</u>.

   a. <u>General</u>.

      (1) Under the provisions of 40 U.S.C. 318 and 318d, those persons identified under paragraph 2g may exercise their police powers in all areas under the charge, control and jurisdiction of GSA.

PBS P 5930.17C

(2) Under the provisions of the Annual Treasury, Postal Service, and General Government Appropriations Act, Public Building Amendments of 1988, Public Law 101-678, 102 Statute 4049 (1988), the authority of those persons possessing 40 U.S.C. 318 or 318d authority has been extended to all areas owned or occupied (including leased property) by the United States and under the charge and control of the Administrator, including those areas where the Federal Government has a proprietorial interest only. [Note: Under the guidelines of 40 U.S.C. 318b, Officers of the FPS may also be detailed to protect the property of other Departments or Agencies. See 40 U.S.C. 318b].

(3) Law enforcement personnel assigned as Physical Security Specialists (PSS) (only if they have been appointed under 40 U.S.C. 318), may exercise police authority under 40 U.S.C. 318, when wearing the uniform prescribed in Chapter 22.

(4) If the jurisdictional status of a facility is in question, the Regional Counsel must be contacted and consulted to determine the facility status or resolve the jurisdictional issue.

b. Non-uniformed assignment. Plainclothes or undercover assignments will be primarily performed by Criminal Investigators. FPS Police Officers, LESO's, and PSS, may at times be detailed and granted this authority by the Central Office under 40 U.S.C. 318d in compliance with paragraph 6 of this Chapter. The authority of non-uniformed FPS personnel extends off of GSA property if the underlying crime was committed on GSA property. (See 4.a.(2) of this Chapter above).

5. Authority.

a. Those persons possessing 40 U.S.C. 318 or 318d authority may exercise all of the police powers, except the power to serve civil processes, exercised by sheriffs and constables to enforce applicable Federal law or GSA rules and regulations while on property under the jurisdiction of GSA. This includes the power to make arrests. They may make an arrest on GSA controlled property, without warrant, when the following acts are committed or such crimes are in progress:

(1) A felony committed in their presence;

(2) A felony when there is probable cause to believe a felony has been committed and the person to be arrested committed the felony;

(3) A misdemeanor in violation of Federal law committed in the presence or within view of authorized law enforcement personnel, provided the arrest is made immediately;

(4) A misdemeanor violation of GSA rules and regulations committed in the presence of authorized law enforcement personnel, provided the rules and regulations are clearly posted in the building or facility.

(5) A violation of the laws of a State, District, territory or possession, in which the GSA-controlled property is located, and the Federal jurisdiction is exclusive or concurrent. Under the Laws of States adopted for areas within Federal jurisdiction, 18 U.S.C. 13 (also known as the Assimilative Crimes Act), the violation is considered to be a Federal violation, and subject to the jurisdiction of the GSA.

(6) A GSA Notice of Violation may be issued in lieu of arrest for misdemeanor violations of GSA rules and regulations provided subject has proper identification and National Crime Information Center (NCIC) reveals no outstanding wants or warrants.

    a. Persons possessing 40 U.S.C. 318 or 318d authority must not make an arrest when a misdemeanor is allegedly committed but does not take place in their presence. They must complete GSA Form 3155, Offense/Incident Report, and refer the victim of the alleged offense to the appropriate judicial authority to initiate a criminal complaint.

    b. Authorized law enforcement personnel may pursue (hot pursuit) and arrest any individual who has committed a felony or serious misdemeanor and has fled property under the jurisdiction of GSA. This pursuit must be continuous and in a manner prescribed by and consistent with the applicable State law and Chapter 16, Part 3, of this handbook. The relative seriousness of the offense must be considered before pursuit occurs since the pursuit may in itself create a major hazard to the safety of others.

## 6. Appointments.

    a. **Appointment of Criminal Investigators as Non-Uniformed Special Police.** The Administrator has delegated to the PBS Commissioner and to the Inspector General, the authority to appoint FPS Police Officers, Law Enforcement and Security Officers, and employees having investigative functions as non-uniformed special policemen under 40 U.S.C. 318d and authority to administer oaths under 40 U.S.C. 486(i). The PBS Commissioner has delegated this authority to the FPS Assistant Commissioner. In accordance with this delegation, all regional requests for non-uniformed special police authority (40 U.S.C. 318d) and authority to administer oaths (40 U.S.C. 486(i)) must be forwarded by memorandum with a justification to the FPS Central Office for approval. The applicable training and/or training recertification requirements outlined in paragraphs 6(f) and 6(g) below must be satisfied and certified by the FPS Regional Director prior to this appointment.

PBS P 5930.17C

**b. Appointment of Personnel other than Criminal Investigators as Non-Uniformed Special Policemen under 40 U.S.C. 318d.** The FPS Assistant Commissioner is authorized to appoint regional FPS personnel other than Criminal Investigators as Non-Uniformed Special Policemen under 40 U.S.C. 318d (318d authority). Appointment will be based on operational need and proper documentation of training and experience qualifications provided by the requesting FPS Regional Director. The applicable training and/or training recertification requirements outlined in paragraphs 6(f) and 6(g) below must be satisfied and certified by the FPS Regional Director prior to this appointment.

**c. Temporary Appointments of Personnel as Non-Uniformed Special Policemen under 40 U.S.C. 318d (318d authority).** The FPS Assistant Commissioner is authorized to appoint persons as temporary, non-uniformed special policemen and grant them 318d authority for the duration of the appointment. The duration of such appointments will not exceed 120 days. The applicable training and/or training recertification requirements outlined in paragraphs 6(f) and 6(g) below must be satisfied and certified by the FPS Regional Director prior to this appointment.

**d. Appointment of FPS Police Officers and Law Enforcement and Security Officers under 40 U.S.C. 318.** The applicable training and/or training recertification requirements outlined in paragraphs 6(f) and 6(g) below must be satisfied and certified by the FPS Regional Director prior to the appointment of FPS Police Officers and LESO's under 40 U.S.C. 318.

**e. Appointment of Personnel Other than FPS Police Officers and LESO's under 40 U.S.C. 318. With approval of the FPS Assistant Commissioner,** the FPS Regional Director may appoint other FPS personnel to meet emergency situations and other special law enforcement circumstances as deemed appropriate. The applicable training and/or training recertification requirements outlined in paragraphs 6(f) and 6(g) below must be satisfied and certified by the FPS Regional Director prior to this appointment. **Personnel other than FPS Police Officers and LESO's must possess one year of police experience as an FPS Police Officer, LESO, or a police officer/law enforcement officer with a local, State or Federal agency.**

PBS P 5930.17C

 f. Training Requirements for Appointments under 6(a) through 6(e) listed above. Prior to making any appointments in 6(a)-6(e) above, the following training must be satisfied and certified by the FPS Regional Director. Completion of this training must meet the timeframes listed in Chapter 4 of this Handbook. The items in the chart below that are footnoted include additional requirements that are explained on the next page in this Chapter.

| [TRAINING] | Appointment of Criminal Investigator as NonUniformed Special Police | Appointment of Personnel Other than Criminal Investigator as NonUniformed Special Police | Temporary Appointment of Personnel as NonUniformed Special Policemen under 40 U.S.C. 318d | Appointment of FPS Police Officers and LESO under 40 U.S.C. 318 | Appointment of Personnel Other than FPS Police Officers and LESO under 40 U.S.C. 318 |
|---|---|---|---|---|---|
| Complete FLETC Criminal Investigators School | X | X | X | | |
| Complete FLETC Legal Review Course. | X | X (see footnote 1) | X (see footnote 1) | | |
| Must be graduate of FLETC Basic Police School or former FPS Police Academy. Employees must have no break in employment in the law enforcement field of longer than 3 years. | | | | X | X |
| Complete the in-service training prescribed for the FPS Police Officer and LESO if training in above paragraph was not met within the last 3 years. | | | | X | X (see footnote 2) |
| Qualified with the FPS approved firearm. | X | X | X | X | X |
| Certified in CPR and First Aid. | X | X | X | X | X |
| Certified in the use of Oleoresin spray and baton. | X | X | X | X | X |
| Meet current medical standards for FPS law enforcement occupation. Results of assessment must accompany appointment request. | X | X | X | X | X |
| Successfully complete FPS psychological screening. | X | X | X | X | X |
| Employee position description must reference non-uniformed police duties and responsibilities. | | X | X | | |
| Background investigation | See Footnote 3 | See Footnote 3 | See Footnote 3 | See Footnote 3 | See Footnote 3 |

| with favorable results | | | | | |
|---|---|---|---|---|---|

PBS P 5930.17C

> **Footnote References for 6(f) Chart - Training Requirements for Appointments 6(a)-6(e).**
>
> (**Footnote 1**) - If the requirements of FLETC Criminal Investigator School were not met within the last 3 years.
>
> (**Footnote 2**) - In addition, Personnel other than FPS Police Officers and LESO's under 40 U.S.C. 318, must have no break in employment in the law enforcement field of longer than 3 years after graduating from training. Prior to appointment, the FPS Assistant Commissioner must approve the training based on a comparative analysis between the current FLETC basic police school curriculum and the completed alternative police school training. The analysis will be completed by the FPS regional office and sent by the FPS Regional Director to the Assistant Commissioner for approval. If additional training is required to supplement the alternative police school training in order to satisfy FLETC police school standards, the FPS Regional Director will provide the Assistant Commissioner with a comparative analysis between the FLETC training and the proposed supplemental training.
>
> (**Footnote 3**) - **Background investigation level for all FPS personnel appointed or hired in positions requiring 318 and 318d authority.** All FPS Police Officers, Physical Security Specialists (PSS) requiring 318 authority, and Law Enforcement and Security Officers must successfully complete, at a minimum, a **Limited Background Investigation (LBI)**, resulting in a Certification of Public Trust at the Moderate Risk. Incumbents must also undergo and successfully complete a **Periodic Reinvestigation (PRI)** every 5 years thereafter. All FPS Criminal Investigators, 1811 series with 318 authority, must successfully complete, at a minimum, a **Background Investigation (BI)**, resulting in a Certification for Public Trust position at the High Risk. Every 5 years thereafter, the employee must have a **PRI** completed on them.

**g. Training Recertification Requirements for Appointments under 6(a) – 6(e).**
The FPS Regional Director must request the FPS Assistant Commissioner recertify personnel every 3 years. To be certified, personnel must accomplish the training recertification requirements outlined in the chart below within the timeframes in Chapter 4 of this Handbook. See footnoted section under chart for additional requirements.

| [TRAINING] | Appointment of Criminal Investigator as NonUniformed Special Police | Appointment of Personnel Other than Criminal Investigator as NonUniformed Special Police | Temporary Appointment of Personnel as NonUniformed Special Policemen under 40 U.S.C. 318d | Appointment of FPS Police Officers and LESO under 40 U.S.C. 318 | Appointment of Personnel Other than FPS Police Officers and LESO under 40 U.S.C. 318 |
|---|---|---|---|---|---|
| Complete FLETC Legal Review Course | X (see footnote 1) | X (see footnote 1) | X (see footnote 1) | | |
| Complete the in-service FPS Police Officer and LESO training within the year of recertification. | | | | X | X |
| Qualified with the FPS approved firearm. | X | X | X | X | X |
| Certified in CPR and First Aid. | X | X | X | X | X |
| Certified in the use of Oleoresin spray and baton. | X | X | X | X | X |

**(Footnote 1)** - Regional Directors must ensure the Regional Training Officer routinely schedules groups to attend this training to control number of employees requiring FLETC training at one time and ensure meeting timeframes.