# Richard Gong v. Michael Chertoff
## Civil No. 06-0125 (RWR)

## Exhibit 9



U.S. Department of Homeland Security

**U.S. Immigration and Customs Enforcement**

Burlington Administrative Center
Office of EEO
70 Kimball Avenue
South Burlington, VT 05403

# REPORT OF EEO COUNSELING

The Matter Complained of By:    Richard Gong

Organizational Unit:    DHS
ICE
Atlanta Duty Station
Mobile, Alabama Sub-Office

Submitted by:    Justi Miller
Contract EEO Counselor

Organizational Unit Location:    DSZ
1730 North Lynn Street
Suite 601
Arlington, VA 22209

Telephone Number: Commercial:    703.528.4921

## INSTRUCTIONS FOR THE USE OF FORM

*If the individual does not allege discrimination because of race, color, sex, national origin, sexual orientation, religion, age or mental or physical disability in connection with the matter complained of, complete only the above portion of this page; Items 1, 2, and 9 of Part A and Items 1, 2, and 3 of Part B before submitting the Report of EEO Counseling. Note under Item 3 of Part B any corrective action the individual received.*

*If discrimination because of one of the above factors is alleged, complete ALL items before submitting the Report of EEO Counseling and use Item 8 of Part B to report any corrective action received. Attach supplemental sheets referencing item number if additional space is required.*



U.S. Department of Homeland Security

**U.S. Immigration and Customs Enforcement**

Burlington Administrative Center
Office of EEO
70 Kimball Avenue
South Burlington, VT 05403

## REPORT OF EEO COUNSELING

The Matter Complained of By:    Richard Gong

Organizational Unit:    DHS
ICE
Atlanta Duty Station
Mobile, Alabama Sub-Office

Submitted by:    Justi Miller
Contract EEO Counselor

Organizational Unit/Location:    DSZ
1730 North Lynn Street
Suite 601
Arlington, VA 22209

Telephone Number: Commercial:    703.528.4921

## INSTRUCTIONS FOR THE USE OF FORM

*If the individual does not allege discrimination because of race, color, sex, national origin, sexual orientation, religion, age or mental or physical disability in connection with the matter complained of, complete only the above portion of this page; Items 1, 2, and 9 of Part A and Items 1, 2, and 3 of Part B before submitting the Report of EEO Counseling. Note under Item 3 of Part B any corrective action the individual received.*

*If discrimination because of one of the above factors is alleged, complete ALL items before submitting the Report of EEO Counseling and use Item 3 of Part B to report any corrective action received. Attach supplemental sheets referencing item number if additional space is required.*

EX 3
Page 4 of 12 pages

## PART A

### KEY DATES

1. Initial Contact: August 25, 2004

2. Initial Interview: September 1, 2004

3. 30-Day Notice: N/A

4. Counseling Extension(s)*: N/A

5. Notice of Final Interview *: September 27, 2004 (received)

6. Most Recent Action Identified as Discriminatory by Aggrieved Party:

   July 28, 2004, disparate treatment regarding basic training requirement.

7. Date of Initial Alleged Discriminatory conduct: July 28, 2004

8. Offer of Assistance in completing DOJ 201-A: a) Made by Counselor: September 23, 2004

   b) Accepted: _____   c) Rejected: September 23, 2004

9. Counseling Report Prepared: September 23, 2004

10. Report Submitted: October 5, 2004

11. Date Formal Complaint of Discrimination must be filed: October 11, 2004
    (15 days after receipt of "Notice of Final Interview")

* Copy of Notice Attached

EX 3
Page 5 of 12 pages

PART B

REASON(S) FOR SEEKING COUNSELING

1. Alleged Discrimination Based on:

   a. (X) Race (Specify) Asian/Chinese

   b. ( ) Sex (Specify) _____

   c. ( ) Age (Specify) _____

   d. (X) National Origin (Specify) U.S./China

   e. ( ) Color (Specify) _____

   f. ( ) Religion (Specify) _____

   g. ( ) Mental Disability _____

   h. ( ) Physical Disability _____

   i. ( ) Other (Specify) _____

   j. ( ) Sexual Orientation _____

2. Matter(s)/Action(s) Complained of:

   On July 28, 2004, Aggrieved Person was required to attend basic training rather than a refresher course because of a three year and eighteen day break in law enforcement.

3. Has this same matter(s) been filed as a grievance before the union, MSPB, any other administrative agency or civil action (lawsuit)? If yes, please provide documentation.

   No.

4. Corrective Action Sought:

   a. No basic training; and
   b. Attend only the 2-3 week refresher course.

EX 3

Page 6 of 7 pages

5. List by Date(s) the matter(s)/action(s) complained of and explain the events causing the aggrieved person to believe he/she has been discriminated against.

**On September 1, 2004, the EEO Counselor spoke with Aggrieved Person** who said he believes he is being discriminated against due to his race/national origin (Asian/Chinese, U.S./China) as he is being required to attend a two to three month basic training also known as the Federal Law Enforcement Training Center (FLETC) training. He said he was hired to work for the agency in April 2004, however he has worked in government agencies for fifteen years including the Immigration and Naturalization Service and the Secret Service. He said he has attended and passed FLETC training twice, in 1989 and 1997, but because he has not worked in law enforcement for three years and eighteen days, the agency is requiring him to attend an entire basic training rather than a two to three week refresher course. He said the agency required him to attend the basic training on July 28, 2004, but he was unable to begin the training because of a medical condition and he has since been told that he is required to attend the next available training in approximately November 2004 or early 2005. He said he is working currently, but is unable to get full police powers until he gets training, so he is working "limited duties." He said he will not go up in pay or grade until the training is completed. He said he had an attorney write a letter to the agency's Office of Counsel asking either for the agency to review the current regulations and apply the appropriate training or waive the requirement for full basic training, but they have not heard back. He said the regulations he will provide to the EEO Counselor require a refresher course if there is a break in law enforcement for over three years. He said the same regulations allow for a waiver under certain circumstances.

Aggrieved Person alleges that the decision for his training is being made by the Regional Director of Training, Gary Beard. When asked about management responsibility, he said that Supervisory Special Agent, Charlie Moore, will have authority over him during the training and has some input on the decision whether to allow a waiver of the full basic training.

Aggrieved Person alleges that the supervisors named do not like Asians. He said this is just his belief and he will provide additional information after the EEO Counselor speaks to the management officials.

6. If the EEO counselor was contacted after the 45-day time limit, explain the reason.

N/A

7. Counselor's Plan of Action: (May include contacting Servicing Equal Employment Opportunity Office for technical guidance):

Conduct interviews and review relevant documents

EX 3
Page 7 of 12 pages

8. Inquiry

   a. Review of Records (Indicate name of records reviewed and the date of each review):

   Aggrieved Person provided on September 22, 2004, a regulation from the GSA website entitled "Authority, Police Powers and Jurisdiction," which describes under subpart 6d the training required for FPS police officers and Law Enforcement Security Officers. (Attachment #3) The document said that a candidate must "complete the in-service training prescribed ..., if training was not met within the last 3 years." Subpart 14d describes "Exceptions to attendance requirements" as "made on a case-by-case basic when the employee has successfully completed a basic police program given by another agency."

   Gary Beard provided a Memorandum for Regional Administrators, dated October 3, 1998, which said under section A.1. that Federal Protective Pollee (sic) Officers "must be a graduate of the Federal Law Enforcement Training Center basic police school or a former Federal Protective Service Police Academy, with no break in employment of longer than 3 years with the FPSD." (Attachment #4) Mr. Beard further proved the job announcement #0430272 that gave similar requirements. (Attachment #5)

   b. Personal Interviews: (Include date, name, title, organizational position, matter(s) discussed):

   **Gary Beard (Caucasian/Filipino, U.S./Philippines)**, Director of Federal Protective Service National Training Academy, GS-14-1811, DHS, Federal Protective Service, ICE, Townhouse 377A, Glynco, Georgia 31524
   Gary.beard@dhs.gov, 912-267-2831

   On September 8, 2004, the EEO Counselor spoke with Gary Beard, who said he is aware of Aggrieved Person's race and national origin, but denies any discrimination. He said the problem is that this is a policy and guidance issue whereby they have no definitive policy relating to how they train people with prior law enforcement experience. He is trying to get Headquarters in Washington D.C. to give him a definitive policy. He said Kenneth Ehinger is the person in Washington D.C. who is making this decision. He said the policy they currently have requires anyone who has not gone through the mixed basic police training in the past three years of starting working for the agency to attend again. He said to his knowledge the Aggrieved Person attended some basic police academies. He said there is a post-basic (or refresher) training program that is three weeks long.

   Mr. Beard said it was not his decision to put Aggrieved Person through the training. He said Edward DeCoste, the Director for Aggrieved Person's office, is the person who probably required Aggrieved Person to attend.

Mr. Beard said he is the person who weighs in on granting waivers to the official regulations because according to official policy, Aggrieved Person would have had to go through training again. He said he will not grant waivers as he could be legally responsible. He said he has written position papers on this issue as well and is against waiving people under the circumstances involving the Aggrieved Person. He said he has not yet waived anyone who has not attended basic training within the three year requirement. He said he has considered approximately twelve waivers.

Mr. Beard said he understands Aggrieved Person's questions fully, but he believes that any new employee needs to have full training. He said it is not just a legal issue, but a safety issue and personnel issue. He said if an officer he waived handled an arrest improperly and took the agency to court, he would have to justify why the officer was not aware of new policy or rules and why he was waived. He said in regards to personnel issues, MSPB said that if they are going to take action against the employee, the employee needs to be fully informed of the rules/regulations and standard operating procedures. He believes he will not know what particular knowledge and what physical ability someone has for work in DHS without going through the full training.

Mr. Beard said Supervisory Special Agent Charlie Moore does not run the office, Mr. Beard does. He said Mr. Moore has no input on whether Aggrieved Person had to attend training at all.

Mr. Beard sent the EEO Counselor an email on September 9, 2004, stating that he considers himself Asian American and is perplexed by Aggrieved Person's allegations of discrimination. He provided two documents, a 1998 Training Waivers Guidance and the original announcement Aggrieved Person was hired under.

**Edward DeCoste (Caucasian/Jewish, U.S./Scotland/France)**, Regional Director, GS-15-1811, ICE, 77 Forsyth St. Suite 700, Atlanta, GA 30303, 404-331-3153, 404-519-9000 cell, edward.deCoste@dhs.gov

On September 8, 2004, the EEO Counselor spoke with Mr. Edward DeCoste, who said he is aware of Aggrieved Person's race and national origin, but denies any discrimination or disparate treatment. He said he is Aggrieved Person's regional director for Federal Protective Service in the Southeast, Region IV. He said as far as he was concerned, Aggrieved Person already had the required training and he would rather put Aggrieved Person on full duty. However, he said he does not think it is an EEO issue. He said he has worked hard to get Mr. Beard to waive the requirement, but Mr. Beard has been pretty stern on the policy in the past year and a half. He said to his knowledge a couple other employees who had been cops for years were required to attend basic training too. He believes they are both Caucasians.

**Kenneth Ehinger (Caucasian, U.S./unknown)**, Deputy Director for Mission Support, GS-15-1811, 1800 F Street, NW, Washington DC 20405, Kenneth.ehinger@dhs.gov, 202-501-0907

On September 10, 2004, the EEO Counselor spoke with Kenneth Ehinger, who said he is aware of Aggrieved Person's race and national origin. He said the policy is in place which means if the candidate has no training or been working on the street as a police officer for three years, they have to go through full training again. He said there are many frequent changes in federal law and the interpretation of that law which effects how officers have to deal with the things on the street. He said he personally went through criminal investigators school himself and within six months, there were new major decisions about Miranda and different cases he had studied changed. He said they are reticent to give waivers or change the regulation because they have significant liability with the officers on the street in dealing with their encounters. He said the further an officer is removed from being on the street and/or training, the more liability the agency risks. He said he could personally be held accountable if called into a courtroom and asked how a law enforcement officer handled an encounter. He said to his knowledge, no one has been waived after a three year break.

9. Summary:

On September 14, 2004, the EEO Counselor contacted Aggrieved Person to discuss the rationale of the management officials. The Aggrieved Person argues that in other federal agencies, law enforcement personnel who have gone through basic training, as he has, are exempt forever from basic training and only DHS has this three year policy. He believes he is still exempt per the policy he has reviewed. (Attachment #3)

When the EEO Counselor asked why Mr. Moore was included as a responsible management official when his supervisor, Mr. Beard, claimed Mr. Moore had no input on the decision of whether Aggrieved Person would be required to attend the full training; Aggrieved Person stated that in 2000 he was selected as Deputy U.S. Marshal and attended training at the Marshal's academy. He said that on numerous occasions he was harassed by Mr. Moore during that training and Mr. Moore made numerous racial comments to and at him. He said at the end of his training, he blacked out and was being taken out on a stretcher when Mr. Moore leaned over him and made a comment about "stupid Asian people." He said he resigned from the Academy. He said when he was selected for this agency, he was surprised and concerned that Mr. Moore is in the training program. He said although he did not file an EEO complaint in 2000 for those actions, he felt that if the agency hired Mr. Moore as a trainer, they condoned his racist views.

On September 28, 2004, the EEO Counselor contacted Mr. Beard about possible options that would alleviate Aggrieved Person's concern about Mr. Moore's involvement in his training program. Mr. Beard stated that Mr. Moore is not a program training coordinator and would not have any oversight or participation in Aggrieved

EX 3
Page 10 of 12 pages

Person's training. He said that Emilio Hernandez handles all basic training and that they have an on-site liaison. He said that Aggrieved Person could contact him directly to discuss his concerns. Based on the above information, Mr. Moore was not interviewed.

The EEO Counselor spoke with Aggrieved Person about the conversation with Mr. Beard. Aggrieved Person said he will win on two prongs: the agency is violating their own policy by his reading of Chapter 2, Authority, Police Powers and Jurisdiction as provided in Attachment #3 and the agency has to show a Caucasian of his experience and training had to go through basic training.

10. Results:

During the fact-finding period, the EEO Counselor spoke at length with Mr. Beard and Mr. Ehinger about a waiver of the full training academy, however neither agreed to waive the training.

Unable to resolve.