UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD GONG,

        Plaintiff,

    v.

MICHAEL CHERTOFF, SECRETARY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

        Defendant,

Civil No. 06-0125 (RWR)

RECEIVED
SEP 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S REPLY TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully files this reply to deny defendant's request for motion for summary judgment. As stated in my Motion to Deny Defendant's Request for Motion to Dismiss or Motion for Summary Judgment, I have clearly established prima facie in this case of discrimination. I have completed the necessary training for the position. The Defendant actions were intentional not because of training but because of my race, national origin, harassment, hostile work environment and retaliation.

**ARGUMENT**

**Plaintiff Has Established Prima Facie Case of Discrimination**

A Complaint may establish the employer's intent through direct or indirect evidence. In the absence of direct evidence of intentional discrimination, a complainant is

1

entitled to a presumption of discrimination if he is able to establish a *prima facie* case, i.e.

1) that he is a member of a statutorily protected group; 2) that he was subjected to adverse employment action and 3) that he was treated differently than similarly situated employees not in his protected class. McDonnell Douglas Corp. v. Green, *supra*; Maniccia v. Brown, 171 F.3d 1364 (11th Cir. 1999); Thompkins v. Morris Brown College, 752 F. 2d 558 n. 7 (11th Cir. 1985).

1). I am in a statutorily protected group by virtue of my race – Asian and national origin – Chinese. 2). I was subjected to adverse employment by Federal Protective Service by threats of termination, failing to promote, harassment[1] and hostile work environment by the same individual who retaliated[2] against me when I worked for the U.S. Marshals Service in 2001 and later again with Federal Protective Service in 2004. The work environment was very hostile when I was employed by the U.S. Marshals Service and Federal Protective Service was so severe and pervasive enough to create an objectively hostile and abusive environment as witnessed by a U.S. Marshal employee[3] in 2001 and again in 2004 when I was forced to resign a second time from Federal Service again with the Federal Protective Service in an abusive work environment. 3). I was treated differently by similar situated employees who are Caucasian when they did not have to attend Mixed Basic Police Training. As stated in my Motion to Deny Defendant's

---

[1] To constitute harassment, the harassing conduct must constitute aggression, intimidation, or hostility of a physical or verbal nature. The behavior violates Title VLL where it is sufficiently severe or pervasive. *Andrews v. City of Philadelphia*, 895 F. 2d 1469 (3rd Cir. 1990). A witness statement and my own account of the incident was provided in Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

[2] To make out a claim of retaliation the Complainant must show that; 1) he engaged in statutorily protected expression; 2) that he suffered an adverse employment action; and 3) there is a causal relation between the protected expression and the adverse action, *Meeks v. Computer Associates International*, 15 F.3d 1013 (11th Circuit 1994)

[3] see Exhibit 5 of Affidavit of Andy Fisher submitted by Plaintiff's Motion to Deny Defendant's Request for Motion to Dismiss or Motion for Summary Judgment.

request for Summary Judgment, I have completed the Mixed Basic Police Training Course (MBPTC) twice in 1989 and 1997 with other Federal Law Enforcement Agencies which are identical police courses taught by the Federal Law Enforcement Training Center.

### Plaintiff Has Exhausted his Administrative Remedies

The Plaintiff has exhausted his administrative remedies through the Equal Employment Opportunity Commission, (please see EEOC Hearing No. 110-A5-00289X-LL).

### Evidence of Adverse Employment Action

As stated by the Defendant (page 8)[4] "the Vacancy Announcement for the position does state that [c]andidates selected must successfully complete the …training program if not already completed." The Official Vacancy Announcement simply solicited candidates who have completed the Mixed Basic Police Training Course. I have clearly proven that with my transcripts[5] from the Federal Law Enforcement Training Center. The Official Vacancy Announcement[6] simply state: "Candidates selected must successfully complete the mixed Basic Officers Training Program if not already completed upon entry." The announcement does not state any other additions, changes, or Modifications regarding refreshers training or breaks in employment as long as the selected candidate has completed the Mixed Basic Police Training Course.

---

[4] Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.
[5] See transcript attachments from the Federal Law Enforcement Training Center.
[6] Official Vacancy Announcement #0440181, (Exhibit 4) from DHS, Report of Investigation.

3

The Defendant in the last Motion to the Court has omitted paragraphs from the Federal Protective Service Handbook. As stated in my Motion to Deny Defendant's Defendant Motion to Dismiss or Motion for Summary Judgment. The FPS policy clearly states:

"Must be graduate of FLETC Basic Police School or former FPS Police Academy. Employees must have no break in employment in the law enforcement field of longer than 3 years."

"Complete the in-service training prescribed for the FPS Police Officer and LESO, if training in above paragraph was not met within the last 3 years."

The Defendant has twisted the meaning of the handbook to the Court. The meaning shown above "Employees must have no break in employment in the law enforcement field of longer than 3 years." And if you do (according to the manual) "Complete the in-service training prescribed for the FPS Police Officer and LESO, if training in above paragraph was not met within the last 3 years."

The meaning is clear in black and white. The Defendant willfully chose not to send me to the refresher training because of Defendant's past discriminatory action which has caused a "snowball effect" in denying me the position of Physical Security Specialist/Law Enforcement Officer, promotion to a higher grade at a Physical Security Specialist/Law Enforcement Officer, changes in my duties and responsibilities, and law enforcement coverage.

## Actions by Agent Moore in 2001 is the Basis for a Claim of Adverse Employment Action

4

Mr. Moore's actions are accountable when he transferred from the U.S. Marshals Service to the Federal Protective Service. Mr. Moore is a federal employee under the Executive Branch and as so he was a Supervisory Instructor under the U.S. Marshals Service stationed at the Federal Law Enforcement Training Center until he transferred to the Federal Protective Service as a Supervisory Instructor still assigned to the Federal Law Enforcement Training Center.

Because of Mr. Moore's discriminatory action in Feb 2001, I was forced to resign from the U.S. Marshals Service. As stated by a witness Andy Fisher, (and being the only Asian in the U.S. Marshals' class) "Inspector Moore was always on you by singling out by saying you shouldn't be there…" Did Mr. Moore have some animosity towards Asians? Are there many Asians in the U.S. Marshals' Service? Or did Mr. Moore have a motive to single me out because he simply did not like Asians? Again, as repeated in 2001, Mr. Moore's and other FPS Official's discriminatory actions, I was forced again to resign from Federal Protective Service in 2006.

### Agent Moore and Acting Director Beard Did Require the Plaintiff to Complete the Mixed Basic Police Training Course.

In the Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Defendant claims that Acting Director Beard indicated that, "it was not his decision to put [plaintiff] through the training." Yet in Acting Director Beard's Affidavit from Report of Investigation, (Exhibit 5, page 1 of 2 pages, Mr. Beard states "Mr. Gong's race and national origin did not influence my decision." and "…an attempt to keep from attending the FPS Basic Police Training…" Acting Beard also comments on

Mr. Moore involvement and states "when he (Plaintiff) was a trainee at the USMS Academy and Mr. Moore was an Instructor for the USMS." Acting Beard continues to state "The knowledge that I had on any of his activity would not influence any of my actions as they relate to Mr. Gong's allegation."

According the Agent Moore he "ha[d] no authority over waivers of training for the Federal Protective Service, and had no such involvement in [plaintiff's] case." As stated in my Motion to Deny Defendant's Motion for Summary Judgment, I never asked or seek a waiver. The Agency has chose to use the word "waiver" to hide there discriminatory intentions when there is refresher course. As for the involvement of Mr. Moore, he was involved in a previous case as a Supervisory Instructor with USMS at the Federal Law Enforcement Training Center as witnessed by USMS Student Andy Fisher and 37 other USMS students.[7]

### Plaintiff Has Establish That At Least Two Other People Similarly Situated Were Treated Differently

The Defendant claims that "Mr. Andrew was in a supervisory position, did not have to meet the requirements of plaintiff's position, and did not have a three-year break in law enforcement employment prior to joining FPS. The Defendant is incorrect that Mr. Andrew was not similarly situated to the plaintiff because Mr. Andrew never completed the Mixed Basic Police Training Course, yet Mr. Andrew who never attended MBPTC at FLETC, Mr. Andrew only attended the Veteran Affairs Training[8] was waived the training

---

[7] Exhibit 5, a copy of U.S. Marshal Student roster from Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment.
[8] The Veterans Affair Police are NOT trained at FLETC.. The VA conducts there own five week police training at North Little Rock VAMC in Arkansas and is not part of FLETC or certified by FLETC. See

6

and given the refresher training that the Defendant claims does not exist. Mr. Andrew was given preferential treatment because he is Caucasian.

The Defendant has claimed that Ms. Leigh-Ann Hackney was not similar situated to the Plaintiff. During a conversation, Ms. Hackney stated to me that she worked in a law enforcement position with the Bureau of Alcohol, Tobacco, and Firearms. Ms. Hackney left her position in law enforcement to pursue a career with her friend to open a restaurant. The time she left was over three years. She told me she was shocked that she was exempt from the Mixed Basic Police Training and only had to complete the in-service training to become a full fledge law enforcement officer.

Mr. Ehinger in his statement (Exhibit 10), "Regarding Ms. Hackney, according to her unofficial personnel file, she resigned from the Bureau of Alcohol, Tobacco, Firearms and Explosives from a law enforcement position on September 25, 2000." Mr. Ehinger makes his statement from "her unofficial personnel file", there is no such thing as unofficial personnel file kept on federal employees. The only official file kept on employees is called Official Personnel Folder (OPF) and Performance Appraisal.

Both of the above employees similar to Plaintiff's situation were given preferential treatment because of their race, color, and national origin.

The Defendant through counsel has not submitted any evidence or documentation to refute these facts on any of the Motions for Summary Judgment.

### The Agency Has Not Offered Any Legitimate, Non-Discriminatory Reasons and Reasons Provided Were Pretextual

---

Plaintiff's Motion to Deny Defendant's Request for Motion to Dismiss or Motion for Summary Judgment, (Exhibit 11).

Plaintiff has provided direct evidence to refute the reasons stated by Acting Director Beard. Plaintiff has submitted transcripts and the Official FLETC scheduled describing the courses taught at the Federal Law Enforcement Training. The courses listed in the schedule can be verified at the official FLETC website www.fletc.gov

The Defendant has not offered any legitimate, nondiscriminatory reasons except for an undocumented statement provided by Mr. Beard. The Agency made a discriminatory statement when the Agency has not compared the FLETC courses taken when I completed the Mixed Basic Police Training Course. The Defendant has not offered any course comparison, documents to refute the courses I have completed, or at the very least contacted FLETC staff officials regarding the standards of the Mixed Basic Police Training Course which the Court can easy access through the internet a www.fletc.gov

### Plaintiff Can Demonstrate that the Defendant's Actions Were Taken in Retaliation For Statutorily-Protected Activity

Defendant had prior knowledge of my EEO activity; Mr. Moore was the USMS employee who discriminated against me in 2001 and upon recoginizing my name for a refresher course in 2004 decided to have me attend the Mixed Basic Police Training Course. Mr. Beard and Mr. Moore upon recognizing my name from a previous involvement as a USMS instructor decided to have me repeat the Mixed Basic Police Training Course only to have the opportunity to harass me and to subject me to hostile worked environment when it happen in 2001.

## **CONCLUSION**

The Defendant willfully and intentionally masks their discriminatory actions by purposely misinterpreting their own training policy, favoring Caucasians who did not complete the training, providing inconsistencies and contradictions in their statements, and failing to recognized identical training that I have completed at the Federal Law Enforcement Training Center. The Defendant has not established any legitimate non-discriminatory reasons and are easy refuted by documented evidence submitted by the Plaintiff. Plaintiff respectfully request that the Defendant's Motion for Summary Judgment be denied.

Respectfully Submitted,

_____
Richard Gong, Pro Se
Plaintiff
P. O. Box 25063
Arlington, VA 22202

## CERTIFICATE OF SERVICE

I certify that a copy was sent by First Class Mail on the 25th day of September 2006 to the following:

Clerk's Office
U.S. District Court for the District of Columbia
U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

AUSA Marian Borum
United States Attorney
District of Columbia
Judiciary Center
555 Fourth Street, NW
Washington, D.C. 20001

_____
Richard Gong