**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
RICHARD GONG,                  )
                               )
        Plaintiff,             )
                               )
        v.                     )        Civil Action No. 06-125 (RWR)
                               )
JANET NAPOLITANO,              )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Richard Gong brings this action against the
Secretary of the United States Department of Homeland Security
("DHS") under Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e-16, alleging that he was discriminated against
because of his race, skin color, and national origin while
employed by the United States Marshals Service ("USMS") in 2001
and the Federal Protective Service ("FPS") in 2004.  The
Secretary has moved to dismiss under Federal Rule of Civil
Procedure 12(b)(6) for failure to state a claim upon which relief
can be granted, or in the alternative, for summary judgment under
Rule 56.  Because the USMS is an agency of the Department of
Justice ("DOJ") and not of DHS, the Secretary's motion to dismiss
will be granted with respect to any claims arising from Gong's
2001 employment with the USMS.  Because Gong's factual
allegations state claims with respect to his 2004 employment with

-2-

the FPS and suggest that discovery is necessary before summary
judgment is considered, the Secretary's motion for summary
judgment will be denied without prejudice, and her motion to
dismiss the claims regarding the FPS will be denied.[1]

BACKGROUND

Gong, who self-identifies as a dark-skinned Asian-American
of Chinese origin, brings this Title VII action against the
Secretary of DHS, alleging that the FPS "willfully,
intentionally, and purposely violated [his] civil rights in 2004
and 2001."  (Compl. at 1.)  In his opposition to the defendant's
motion, though, Gong reveals that he was employed by the USMS in
2001 and alleges that he was subjected to a hostile work
environment there.  In addition, he alleges that while he was
employed by the FPS in 2004, the FPS discriminated against him

_____

[1]Although Gong does not clearly say so in his complaint, he
alleges in his opposition to the government's motion that he
brings his discrimination claims under 42 U.S.C. § 1981 as well
as Title VII.  However, Title VII "'provides the exclusive
judicial remedy for claims of discrimination in [covered] federal
employment,'" Kizas v. Webster, 707 F.2d 524, 542 (D.C. Cir.
1983), and covered federal employees may not sue alleging
discrimination under other federal statutes, including § 1981.
See Richardson v. Wiley, 569 F.2d 140, 141 (D.C. Cir. 1977) (per
curiam); see also Strong-Fischer v. LaHood, Civil Action No. 07-
265 (RWR), 2009 WL 1160114, at *3-4 (D.D.C. Apr. 30, 2009)
(concluding that federal employees may not bring employment
discrimination claims under § 1981 because Title VII provides the
exclusive judicial remedy for such claims, the federal government
has not waived its sovereign immunity from suit under § 1981, and
§ 1981 does not cover discrimination under the color of federal
law).  Accordingly, to the extent Gong's complaint alleges claims
under § 1981, such claims are barred and the defendant's motion
to dismiss will be granted with respect to any such claims.

-3-

because of his race, color, and national origin by unlawfully
requiring him to attend the Mixed Basic Police Training Course
("MBPTC") despite his having previously completed the course in
1989 and 1997, by reclassifying him from the position of Physical
Security Specialist/Law Enforcement Security Officer ("LESO") to
Physical Security Specialist, by not timely promoting him to a
higher pay grade, and by threatening to terminate him.

The Secretary has moved to dismiss the complaint, or in the
alternative, for summary judgment, contending that Gong has
failed to state a prima facie case of discrimination.  She
alleges that under generally applicable FPS policy, Gong was
required to attend and successfully complete the MBPTC because he
had been out of the law enforcement field for more than three
years, and that Gong's failure to successfully complete the MBPTC
was the legitimate, nondiscriminatory reason for all the other
actions taken against him about which he complains.

DISCUSSION

A party may move to dismiss a complaint for failure to state
a claim upon which relief can be granted.  See Fed. R. Civ. P.
12(b)(6).  "On review of a 12(b)(6) motion a court 'must treat
the complaint's factual allegations as true . . . and must grant
plaintiff the benefit of all inferences that can be derived from
the facts alleged.'"  Holy Land Found. for Relief & Dev. v.
Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003) (quoting Sparrow v.

-4-

United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)).  A
complaint "filed pro se 'is to be liberally construed,' . . .
[and] 'however inartfully pleaded, must be held to less stringent
standards than formal pleadings drafted by lawyers[.]'" Erickson
v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting
Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A court may also
"consider supplemental material filed by a pro se litigant in
order to clarify the precise claims being urged." Greenhill v.
Spellings, 482 F.3d 569, 572 (D.C. Cir. 2007).

     "[A]n employment discrimination plaintiff need not plead a
prima facie case of discrimination." Swierkiewicz v. Sorema
N.A., 534 U.S. 506, 515 (2002); see Sparrow, 216 F.3d at 1115
(concluding that an employment discrimination complaint need not
allege all elements of a prima facie case at the initial pleading
stage and states a claim by merely saying "I was turned down for
a job because of my race" (citation and internal quotation marks
omitted)).  A plaintiff need only provide a "short and plain
statement of [his] claim showing that [he] is entitled to
relief," Fed. R. Civ. P. 8(a)(2), that "'give[s] the defendant
fair notice of what the . . . claim is and the grounds upon which
it rests.'" Erickson, 127 S. Ct. at 2200 (quoting Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

     Gong plainly states that the FPS made him undergo
unnecessary training, withheld a promotion, reduced his

authority, and threatened termination because of his race, color, and national origin.  Under the liberal pleading standard afforded to pro se plaintiffs, Gong has clearly given the Secretary fair notice of his claims and the grounds upon which they rest.  Construing all facts and inferences in Gong's favor, he has successfully stated claims against the FPS upon which relief can be granted.  Gong has also brought a claim based on acts committed by the USMS while he worked for that agency in 2001.  The USMS, though, is a DOJ agency, not a DHS agency. Since Gong brings this action solely against the Secretary of DHS, Gong has failed to a state a claim upon which relief can be granted, then, regarding events in 2001 at the USMS.  Thus, the Secretary's motion to dismiss will be denied with respect to claims arising from the FPS' alleged actions in 2004, and granted with respect to any claim arising out of Gong's 2001 employment with the USMS.

The Secretary has moved in the alternative for summary judgment.  When a party opposing a summary judgment motion needs to gather facts to justify the opposition, Rule 56(f) permits a court to order discovery to be undertaken or to issue any other just order.  Gong, who is proceeding pro se, has not yet had an opportunity to obtain evidence relevant to his claims using the tools of discovery.  It is clear from Gong's filings that discovery is necessary so that he may gather all information

-6-

pertinent to his claims before he can fairly respond to a motion for summary judgment.  For example, Gong identifies two individuals, Ellis Andrew and Leigh-Ann Hackney, who may be able to provide testimony in support of his allegations.  Gong alleges they were similarly situated to him but were treated more favorably than he was.  Accordingly, the Secretary's motion for summary judgment will be denied without prejudice to permit Gong to obtain evidence relevant to his claims before summary judgment is considered.

## CONCLUSION AND ORDER

Gong has not stated claims against the Secretary for actions taken in 2001 or stated claims under § 1981.  He has stated claims regarding actions taken in 2004 and is entitled to undertake discovery about them.  Therefore, it is hereby

ORDERED that the Secretary's motion [4] to dismiss or for summary judgment be, and hereby is, GRANTED IN PART and DENIED IN PART.  Any claim alleging a violation of 42 U.S.C. § 1981, or challenging action taken by the USMS or its employees in 2001, is dismissed.  The motion is denied in all other respects.

SIGNED this 5th day of May, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge